IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STAN BROWN, IDOC # A66507, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-392-GPM |
| | ) |
| MICHAEL P. RANDLE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Stan Brown, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Pontiac Correctional Center, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which states, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Brown's pro se complaint in this case, on May 11, 2009, while Brown was incarcerated in the Vandalia Correctional Center ("Vandalia"), Brown was eating breakfast in the inmate dining room at Vandalia when he asked Defendant Christian Bourke, a guard at Vandalia, if he, Brown, could use the bathroom; apparently Brown suffers from a prostate condition that causes him to urinate frequently. Bourke refused to let Brown use the dining room bathroom, with the result that Brown urinated on himself. The following day while Brown was eating breakfast Bourke and Defendants Weisman and Hanna taunted Brown. Bourke then arranged with Defendant Steve Gruner, the supervisor of the meat plant at Vandalia, where Brown was employed, and with Weisman and Hanna, shift supervisors at the meat plant, for Brown to be terminated from his prison employment, ostensibly for stealing a block of cheese. Named as Defendants in this case, in addition to Bourke, Gruner, Weisman, and Hanna, are Michael P. Randle, the former director of the IDOC, Cassandra Wright, an assistant warden at Vandalia, and Sherry Benton, a member of the IDOC's administrative review board. Brown demands

compensatory and punitive damages, together with back pay from the job at the Vandalia meat plant from which Brown was terminated. Having reviewed Brown's complaint carefully, the Court concludes this case must be dismissed.

With respect to Randle, Wright, and Benton, Brown's only claim against them is that they denied grievances that Brown filed concerning Bourke, Gruner, Weisman, and Hanna and the loss of Brown's job in the meat plant at Vandalia. There is, of course, a constitutional right to address complaints to state officials. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). However, the right to petition the government for redress of grievances "does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Also, "a citizen's right to petition the government does not guarantee . . . the right to compel government officials to . . . adopt a citizen's views." *Webb v. Randle*, Civil No. 10-470-GPM, 2011 WL 678815, at *4 (S.D. Ill. Feb. 16, 2011) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)) (brackets omitted). The United States Court of Appeals for the Seventh Circuit specifically has held that a prison official's denial of a prisoner's complaints about the conditions of his or her confinement, even if wrongful, is not a basis for a claim under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations [of a prisoner's constitutional rights] are responsible [under Section 1983]. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (citations omitted). Thus, "[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *Id*. at 609-10. *See also Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to

rights[.]"). Here Brown is alleging merely that Randle, Wright, and Benton rejected Brown's administrative complaints about supposed misconduct directed against Brown by Bourke, Gruner, Weisman, and Hanna at Vandalia. Accordingly, Randle, Wright, and Benton will be dismissed from this case.

Concerning Brown's claim against Bourke for deliberate indifference to his, Brown's, serious medical needs, it appears from the complaint that Bourke refused to let Brown use the bathroom of the inmate dining room at Vandalia pursuant to a prison rule that allows only kitchen staff to use the dining room bathroom. Where it appears that there was a reasonable basis for Bourke to deny Brown access to the dining room bathroom, the Court cannot conclude that Bourke displayed deliberate indifference, particularly where the only injury Brown suffered as a result of being denied access to the bathroom, urinating on himself, was de minimis. *See Decker v. Dunbar*, 633 F. Supp. 2d 317, 341-42 (E.D. Tex. 2008) (a prisoner who urinated on himself after being denied access to a bathroom while a prisoner count was completed failed to show deliberate indifference; verification of the count was a reasonable basis for the delay in allowing the prisoner to use the bathroom and the prisoner suffered only a de minimis injury); *Jarrell v. Seal*, No. Civ.A. 03-2737, 2004 WL 241712, at *2 (E.D. La. Feb. 10, 2004) (holding that a pretrial detainee who urinated on himself during a court appearance failed to show deliberate indifference where the apparent reason for the delay in taking the detainee to the bathroom was the need to find a guard of the detainee's gender to escort the detainee to the bathroom); *West v. Dallas Police Dep't*, No. Civ. A. 3-95CV-1347P, 1997 WL 452727, at *8 (N.D. Tex. July 31, 1997) ("It would be imprudent for this Court to find that law enforcement officers violate a pretrial detainee's rights when they do not immediately provide restroom access upon request."). In any event, the conduct

described by Brown was at most negligent, and therefore does not rise to the level of an Eighth Amendment violation. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[N]egligence . . . or even gross negligence does not equate to deliberate indifference."); *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985) ("It has long been established . . . that negligence, evidenced by, *inter alia*, simple inattention or inadvertence, may not form the basis for an eighth amendment claim.").

As to Brown's claim that Bourke violated Brown's equal protection rights by refusing to let Brown use the bathroom of the inmate dining room at Vandalia, to the extent Brown is arguing that there was no prison rule that prevented him from using the dining room's bathroom, it appears then that Brown was the victim of an isolated incident, not an equal protection violation. *See Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982) (quoting *Gamza v. Aguirre*, 619 F.2d 449, 453 (5th Cir. 1980)) ("[I]solated events that adversely affect individuals are not presumed to be a violation of the equal protection clause."). However, assuming that there in fact is a rule at Vandalia that restricts access to the bathroom of the inmate dining room to kitchen staff, the Court cannot say that such a rule bears no rational relationship to a legitimate penological objective, such as, for example, ensuring the orderly operation of the dining room by giving kitchen staff ready access to the bathroom. *See Williams v. Lane*, 851 F.2d 867, 881 (7th Cir. 1989) (citing *Hudson v. Palmer*, 468 U.S. 517, 522-23 (1984)) (a prisoner, to prevail on a "class of one" equal protection claim, must show that a challenged prison policy has no rational relationship to a legitimate penological objective). With respect to Brown's claim that he was deprived of his job in the meat plant at Vandalia without due process, it is well established that a prisoner has no constitutionally-protected interest in a prison job. *See Wallace v. Robinson*, 940 F.2d 243, 249

(7th Cir. 1991); *Harris v. Greer*, 750 F.2d 617, 618 (7th Cir. 1984); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980). Finally, to the extent Brown may be seeking to hold Bourke, Weisman, and Hanna liable for addressing him, Brown, in an ill-mannered way in the inmate dining room at Vandalia on May 12, 2009, "the Constitution does not compel guards to address prisoners in a civil tone using polite language." *Antoine v. Uchtman*, 275 Fed. Appx. 539, 541 (7th Cir. 2008). Brown has failed to state a claim for a violation of his constitutional rights.

To conclude, pursuant to 28 U.S.C. § 1915A(b)(1), the Court finds that Brown has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and this action is **DISMISSED with prejudice**. Brown is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: June 4, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge