IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STAN BROWN, IDOC # A66507, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-392-GPM |
| | ) |
| MICHAEL P. RANDLE, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion by Plaintiff Stan Brown to be excused from paying the filing fee for an appeal by Brown to the United States Court of Appeals for the Seventh Circuit that recently was dismissed (Doc. 20). Brown, a prisoner in the custody of the Illinois Department of Corrections, brings this action under 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by a person acting under color of state law. On June 4, 2011, the Court dismissed Brown's case pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted; judgment was entered the same day. On June 14, 2011, Brown filed a notice of appeal from the Court's order dismissing his case. On July 25, 2011, the Seventh Circuit Court of Appeals dismissed Brown's appeal for failure to pay the appellate docketing fee and directed this Court to extract the unpaid fee from Brown's prison trust fund account using the mechanism set out in 28 U.S.C. § 1915(a) and (b). Brown now objects to the collection of the appellate docketing fee from his prison trust account on the grounds that his appeal was dismissed, so that he should not be required to pay the fee.

The usual appellate docketing fee is $455.00. *See* 28 U.S.C. § 1913; 28 U.S.C. § 1917. However, pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring "any suit, action or proceeding, civil or criminal, or appeal therein" without prepayment of fees upon presentation of an affidavit stating the prisoner's assets, as well as "the nature of the . . . appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the . . . notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, a prisoner must make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the lawsuit in which the prisoner is appealing is pending each time the amount in the account exceeds $10.00 until the filing fee in the appeal is paid. *See id.* Importantly, a prisoner incurs the obligation to pay the filing fee for an appeal when the appeal is filed, and the obligation continues regardless of later developments in the appeal, such as dismissal of the appeal or denial of leave to proceed IFP. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Evans v. Illinois Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998) (citing *Newlin v. Helman*, 123

F.3d 429, 433-34 (7th Cir. 1997)); *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Glass v. Rodriguez*, 417 F. Supp. 2d 943, 949 (N.D. Ill. 2006); *Longbehn v. Reno*, 27 F. Supp. 2d 1162, 1164 (W.D. Wis. 1998).

As should be clear from the foregoing authority, Brown incurred the obligation to pay the docketing fee for his appeal in full at the time the appeal was filed, and the fact that Brown's appeal was dismissed does not relieve Brown of this obligation. Accordingly, Brown's motion for leave to be excused from paying the docketing fee for his recently-dismissed appeal (Doc. 20) is **DENIED**. Consistent with the mandate of the Seventh Circuit Court of Appeals, the agency having custody of Brown shall remit the appellate docketing fee of $455.00 from Brown's prison trust fund account if such funds are available until the fee is paid in full.

**IT IS SO ORDERED.**

DATED: September 9, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge